UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

KEVIN A. JOHNSON,

                    Petitioner,

v.                                                Case No. 5:05-cv-224-Oc-10GRJ

UNITED STATES PAROLE
COMMISSION, et al.,

                    Respondents.

_____

## ORDER DENYING THE PETITION

Petitioner initiated this action *pro se* by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner, a District of Columbia (D.C.) prisoner, challenges the United States Parole Commission's (the Commission) decision denying him parole. Petitioner maintains the Commission "double-counted" factors and failed to consider him for superior program achievement under 28 C.F.R. §2.80(k). The Petition, the Response to the Petition and the administrative record submitted with the Response, Petitioner's Reply, and the other pleadings demonstrate that an evidentiary hearing is not warranted in this case, and the Court may resolve the Petition on the basis of the record. See Habeas Rule 8(a).[1]

_____

[1]Pursuant to Habeas Rule 1(b) of the "Rules Governing Section 2254 Cases," the Court has  discretion to apply the Rules to habeas corpus petitions under §2241.

## **Factual and Procedural History**

Petitioner pled guilty to two counts of armed robbery, one count of robbery, and one count of second degree burglary.[2]   Petitioner's sentences for these offenses were aggregated to a forty-six year term of imprisonment.  Petitioner's parole eligibility date was September 25, 2005.[3]

On January 12, 2005, Petitioner requested parole consideration by the Commission.[4] The initial prehearing assessment summarized Petitioner's offenses as follows:

> On 6/11/96, the witness was walking home, and observed the [Petitioner] walking across the street.  As the victim increased her speed, the [Petitioner] ran to her and stopped her in front of her home.  The [Petitioner] said "Give me your purse, bitch, or I'll cut you" and displayed a knife he had in his hand. The victim threw her purse and briefcase to the ground.  The [Petitioner] picked up the items and fled the area.  On 6/18/96, the [Petitioner] was stopped by the police, and he had in his possession a "Pace" discount card in the complainant's name.  On 7/2/96, the victim positively identified the [Petitioner] in a lineup as the man who had robbed her on 6/11/96.

> On or about 6/17/96, the [Petitioner] while armed with a knife, by force and violence, against resistance and by putting in fear, stole and took from the victim property of value, consisting of a purse and its contents.

> On or about 6/9/96 the [Petitioner], while armed with a brick, by force and violence, against resistance and by putting in fear, stole and took from the victim her purse and its contents.

> On 7/12/96, the [Petitioner] entered the victim's residence by way of a rear

---

[2] Doc. 1.

[3] Doc. 14, Ex. A.

[4] Doc. 14, Ex. B.

door and departed by way of a window, and stole a color television and VCR. Two witnesses familiar with the subject saw him inside the residence, and carrying the television set out of the residence.[5]

On March 22, 2005, hearing examiner Paul Howard held Petitioner's initial parole hearing and  concluded Petitioner's Salient Factor Score[6] (SFS) was 8 and his base point score guideline range was 3.  The hearing examiner recommended Petitioner be granted parole on September 26, 2005 after 110 months.[7]  Parole Commissioner Mitchell disagreed with the recommendation.  He found Petitioner's case warranted a decision above the guidelines.[8]  Commissioner Cushwa concurred with Commissioner Mitchell's opinion.[9]

The Commission denied parole and continued Petitioner's reconsideration hearing to March 2008.  The Commission concluded Petitioner's SFS was 7[10] and his base point score guideline range was 4.[11]  The Commission reasoned  a decision

---

[5]Doc. 14, Ex. C.

[6]  The Salient Factor Score is a numerical value calculated by considering the number of prior convictions the potential parolee has.  "An evaluation sheet containing a "salient factor score" serves as an aid in determining the parole prognosis (potential risk of parole violation)...."  28 C.F.R. §2.20(e)

[7] Doc. 14, Ex. D.

[8] Doc. 14, Ex. E.

[9] Doc. 14, Ex. F.

[10]This score was calculated as follows: (1) One point for prior convictions; (2) Two points for prior commitments of more than thirty days; (3) Three points for being over twenty-six years of age at the time of the offense/prior commitments; (4) One point for no recent commitments.

[11]This score was calculated as follows: (1) One point for potential risk of parole violation;  (2) Two points for "violence in the current offense"; (3) One point for current offense was "other high level violence."

3

above the Total Guideline Range was warranted because Petitioner "robbed, while armed with a knife, a female victim taking from her purse and its contents. Also, while armed with a brick [Petitioner] robbed a victim of her purse and its contents. [Petitioner] also entered a private residence an[d] stole a television and VCR from owner."[12]

## Claims of Petition

Petitioner seeks immediate release or in the alternative, an immediate parole hearing.  In his Petition, Petitioner presents the following grounds for relief:

(1) Whether the United States Parole Commission impermissibly utilized "double counting" as a basis for denying Petitioner parole.

(2) Whether the United States Parole Commission failed to consider and calculate the extensive superior program achievements Petitioner accomplished, which Petitioner alleges would mitigate his total guideline range.

## Standard of Review

"Parole is not a right, but an expectation that may be granted by the Commission."  Glumb v. Honsted, 891 F.2d 872, 873 (11th Cir. 1990)(internal citations omitted).  Although this Court can review a decision of the Commission, that review is extremely limited and requires a showing that the Commission exceeded its statutory authority.[13]  "So long as there are no violations of any required due

---

[12]  Doc. 14, Ex. G.

[13] Brown v. Lundgren, 528 F.2d 1050, 1054 (5th Cir. 1976).

process protections and the Commission has acted within its authority, [the District Court] will not usurp the Commission's position as established in the statutory scheme enacted by Congress."[14]  The District Court may review an action of the Parole Commission to determine whether the decision of the Commission is arbitrary and capricious or an abuse of discretion.[15]  An action of the Commission  is arbitrary and capricious, or an abuse of discretion, when it is irrational, based upon impermissible considerations, or when it fails to comply with the Commission's own rules and regulations.[16]

### **Merits of the Petition**

In Petitioner's case, the Guidelines suggested Petitioner be released after 110 months of service.  Petitioner first contends that the Commission impermissibly utilized "double counting" as a basis for denying Petitioner parole.  "[I]mpermissible double counting occurs only when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines."  United States v. Rodriguez-Matos, 188 F.3d 1300, 1309 (11th Cir. 1999)(internal citations omitted).

Upon review of the record, the Court finds the Commission's action of placing Petitioner above the guidelines and denying Petitioner parole was not an abuse of

---

[14] Stroud v. U. S.  Parole Comm'n, 668 F.2d 843, 846 (5th Cir. 1982).

[15] Dye v. U. S. Parole Comm'n, 558 F.2d 1376, 1378 (10th Cir. 1977).

[16] Zannino v. Arnold, 531 F.2d 687, 690-91 (3rd Cir. 1976).

discretion.   Petitioner's guideline score did not fully account for the specific aggravated nature of Petitioner's offenses.   Further, the Commission is authorized to grant or deny parole notwithstanding the Guidelines.  <u>See</u> 28 C.F.R. §2.80(n).[17]

Petitioner also asserts the Commission failed to consider and calculate Petitioner's   superior program achievements (SPA).    The record in this case demonstrates the Commission considered Petitioner for SPA, but found Petitioner should not  be granted credit for superior achievement.  The decision of whether to award superior achievement credit is discretionary.  28 C.F.R. §2.80(e)(1) provides:

> Program achievement. (1) The Commission shall assess whether the prisoner has demonstrated ordinary or superior achievement in the area of prison programs, industries, or work assignments while under confinement for the current offense. Superior program achievement means program achievement that is beyond the level that the prisoner might ordinarily be expected to accomplish. Credit for program achievement may be granted regardless of whether the guidelines for disciplinary infractions have been applied for misconduct during the same period. The guidelines in this section presume that the prisoner will have ordinary program achievement.

Upon due consideration, the Court concludes the Commission's actions were not arbitrary and capricious or an abuse of discretion, and the Petition is due to be denied.

---

[17]28 C.F.R. §2.80(n)(1) states:

The Commission may, in unusual circumstances, grant or deny parole to a prisoner notwithstanding the guidelines. Unusual circumstances are case-specific factors that are not fully taken into account in the guidelines, and that are relevant to the grant or denial of parole. In such cases, the Commission shall specify in the notice of action the specific factors that it relied on in departing from the applicable guideline or guideline range. If the prisoner is deemed to be a poorer or more serious risk than the guidelines indicate, the Commission shall determine what Base Point Score would more appropriately fit the prisoner's case, and shall render its initial and rehearing decisions as if the prisoner had that higher Base Point Score. It is to be noted that, in some cases, an extreme level of risk presented by the prisoner may make it inappropriate for the Commission to contemplate a parole at any hearing without a significant change in the prisoner's circumstances.

## <u>Conclusion</u>

For the reasons set forth in this Order, the Petition is **DENIED with prejudice**.

The Clerk is directed to enter judgment denying the Petition with prejudice and close

the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 19th day of June  2007.

UNITED STATES DISTRICT JUDGE

C:   Kevin A. Johnson
     Counsel of Record

7